**WO**                                                                                    KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

William Shinyama,                     )   No. CV 12-279-PHX-GMS (DKD)
                                      )
                    Plaintiff,        )   **ORDER**
                                      )
vs.                                   )
                                      )
                                      )
Todd Thomas, et al.,                  )
                                      )
                    Defendants.       )
                                      )
_____   )

        Plaintiff William Shinyama, who is confined in the Halawa Correctional Facility in
Aiea, Hawaii, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an
Application to Proceed *In Forma Pauperis*. The Court will order Defendants Griego, Garcia,
and Thomas to answer Counts I and III of the Complaint and will dismiss the remaining
claim and Defendants without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

        Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C.
§ 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1).
The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory
fee will be collected monthly in payments of 20% of the previous month's income each time
the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a
separate Order requiring the appropriate government agency to collect and forward the fees

TERMPSREF

1   according to the statutory formula.

2   **II.   Statutory Screening of Prisoner Complaints**

3         The Court is required to screen complaints brought by prisoners seeking relief against

4   a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

5   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

6   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

7   be granted, or that seek monetary relief from a defendant who is immune from such relief.

8   28 U.S.C. § 1915A(b)(1), (2).

9         A pleading must contain a "short and plain statement of the claim *showing* that the

10  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

11  demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

12  unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

13  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

14  statements, do not suffice." Id.

15        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

16  claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,

17  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

18  that allows the court to draw the reasonable inference that the defendant is liable for the

19  misconduct alleged." Id.  "Determining whether a complaint states a plausible claim for

20  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

21  experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual

22  allegations may be consistent with a constitutional claim, a court must assess whether there

23  are other "more likely explanations" for a defendant's conduct. Id. at 1951.

24        But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

25  must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th

26  Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

27  than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,

28  94 (2007) (*per curiam*)).

## III.     Complaint

Plaintiff names the following Defendants in the Complaint: Warden Todd Thomas, Assistant Warden Ben Griego, Unit Manager Garcia, and Sort Team Lead Officer Lieutenant Samberg.  Defendants are employed at the Corrections Corporation of America-Saguaro Correctional Center and Plaintiff's allegations stem from his incarceration at that facility.

Plaintiff raises three claims for relief.  In Count I, Plaintiff claims that, pursuant to Defendant Griego's orders, he was placed in segregation without notice and that he did not receive a hearing until two months later after his placement in segregation.  Plaintiff further claims that he was placed in segregation without evidence and the disciplinary findings were vague and stated only that Plaintiff violated facility rules.  Plaintiff states that although the maximum time in segregation is supposed to be sixty days, he was confined in segregation for two years and would have remained there if he had not been transferred to another facility.  Finally, Plaintiff claims that the conditions of confinement in segregation were atypical and significant.

In Count II, Plaintiff claims that he was placed into segregation in retaliation for other inmates assaulting a detention officer.  Plaintiff states that he was placed in segregation even though he was "not even in the housing unit in which the assault took place."

In Count III, Plaintiff claims that his Eighth Amendment rights were violated by the conditions of his confinement in segregation.  Plaintiff states that he was denied personal hygiene items, warm clothes during the winter, bedding and a mattress during the day, sanitary food, and outdoor recreation, and was subjected to twenty-four hour lighting and extreme idleness.  Plaintiff claims that Defendants Garcia, Griego, and Thomas were responsible for the conditions of confinement.

Plaintiff seeks money damages.

## IV.     Failure to State a Claim

### A.     Count I-Defendant Samberg

In Count I, Plaintiff claims that Defendant Samberg "took [Plaintiff] from general population and placed [him] into segregation per the orders of Assistant Warden Griego."

1  Plaintiff makes no other factual allegations against Defendant Samberg.  Plaintiff has failed

2  to demonstrate that Defendant Samberg was doing anything more than following an order

3  from his supervisor; Plaintiff has failed to show how Defendant Samberg violated Plaintiff's

4  constitutional rights.  The Court will therefore dismiss without prejudice Defendant Samberg.

5        **B.**    **Count II-Retaliation**

6       A viable claim of First Amendment retaliation contains five basic elements: (1) an

7  assertion that a state actor took some adverse action against an inmate (2) because of (3) that

8  prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

9  Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not

10  reasonably advance a legitimate correctional goal.  <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-

11  68 (9th Cir. 2005); <u>see</u> <u>also</u> <u>Hines v. Gomez</u>, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation

12  claims requires an inmate to show (1) that the prison official acted in retaliation for the

13  exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate

14  penological interest").  The plaintiff has the burden of demonstrating that his exercise of his

15  First Amendment rights was a substantial or motivating factor behind the defendants'

16  conduct.  <u>Mt. Healthy City School Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 287 (1977);

17  <u>Soranno's Gasco, Inc. v. Morgan</u>, 874 F.2d 1310, 1314 (9th Cir. 1989).

18       Plaintiff has not alleged facts showing that Defendants retaliated against him for

19  exercising a constitutional right, nor has he shown that he was placed in segregation without

20  a legitimate penological purpose.  The Court will therefore dismiss Count II for failure to

21  state a claim.

22  **V.**    **Claims for Which an Answer Will be Required**

23       Liberally construed, Plaintiff has adequately stated a Fourteenth Amendment due

24  process claim against Defendant Griego in Count I, and an Eighth Amendment conditions

25  of confinement claim against Defendants Griego, Garcia, and Thomas in Count III.  The

26  Court will require Defendants Griego, Garcia, and Thomas to answer Counts I and III of the

27  Complaint.

28  . . .

. . .

**VI.   Warnings**

    **A.   Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

    **B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **C.   Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.   Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     Count II and Defendant Samberg are **dismissed** without prejudice.

(4)     Defendants Griego, Garcia, and Thomas must answer Counts I and III of the Complaint.

(5)     The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendants Griego, Garcia, and Thomas.

(6)     Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(8)     The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9)     The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a)     personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)     within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.

1    The costs of service must be enumerated on the return of service form (USM-285) and
2    must include the costs incurred by the Marshal for photocopying additional copies of
3    the Summons, Complaint, or this Order and for preparing new process receipt and
4    return forms (USM-285), if required.  Costs of service will be taxed against the
5    personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil
6    Procedure, unless otherwise ordered by the Court.

7    (10)   **A Defendant who agrees to waive service of the Summons and Complaint**
8    **must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

9    (11)   Defendants must answer the Complaint or otherwise respond by appropriate
10   motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
11   Rules of Civil Procedure.

12   (12)   Any answer or response must state the specific Defendant by name on whose
13   behalf it is filed.  The Court may strike any answer, response, or other motion or paper that
14   does not identify the specific Defendant by name on whose behalf it is filed.

15   (13)   This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules
16   72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized
17   under 28 U.S.C. § 636(b)(1).

18   DATED this 26th day of March, 2012.

20                    G. Murray Snow
21                    United States District Judge

**TERMPSREF**